OPINION OF THE COURT
John A. Milano, J.
The question presented in this motion to dismiss a misdemeanor charge of criminal trespass in the third degree is whether the National Labor Relations Act preempts New York State jurisdiction of this criminal prosecution.
The defendant is a vice-president of Local 144, the Hotel, Hospital, Nursing Home and Allied Services Union. On September 24, 1986 the defendant went to Surfside Nursing Home in Far Rockaway, Queens, for purposes of conducting a union meeting in the staff dining room of the nursing home. The Surfside Nursing Home is a party to a collective bargaining agreement with the defendant’s union. A nursing home administrator, Mr. Barry Webster, objected to the meeting on various grounds, and, when the defendant refused to accede to *260 his demands to call off the union meeting,. he swore out a complaint charging trespass. The defendant moves to dismiss this prosecution pursuant to CPL 170.30 (1) (f) in that: "There exists some other jurisdictional or legal impediment to conviction of the defendant for the offense charged”.
The National Labor Relations Act of 1935 (29 USC §§ 151-169) was designed to protect the collective bargaining activities of employees and their representatives by creating the National Labor Relations Board (hereinafter NLRB) as an administrative agency empowered with exclusive jurisdiction to resolve labor disputes. (Sears, Roebuck & Co. v Carpenters, 436 US 180, 191 [1978].) Thus, the Federal courts were limited to reviewing the determinations of the NLRB and unless such determinations were arbitrary, capricious and lacking in substantive basis of fact, the decision of the agency would be binding. (Supra, at 193.)
This same deference accorded to the NLRB’s jurisdiction by the Federal courts was imposed on the various States by the Supreme Court. (Pocatello Bldg. & Constr. Trades Council v Elle Constr. Co., 352 US 884 [1956]; Local Union 429, Intl. Bhd. of Elec. Workers v Farnsworth & Chambers Co., 353 US 969 [1957].) As the Supreme Court stated in San Diego Unions v Garmon (359 US 236, 244 [1959]): "When it is clear or may fairly be assumed that the activities which a State purports to regulate are protected by § 7 of the National Labor Relations Act, or constitute an unfair labor practice under § 8, due regard for the federal enactment requires that state jurisdiction must yield. To leave the States free to regulate conduct so plainly within the central aim of federal regulation involves too great á danger of conflict between power asserted by Congress and requirements imposed by state law.”
The parties in this proceeding have submitted this dispute to an impartial chairman pursuant to their collective bargaining agreement. The union has also filed a charge alleging unfair labor practices with the NLRB which is awaiting the decision of the impartial chairman.
The critical question for this court, therefore, is whether the charge presented to the NLRB is identical or so inextricably intertwined with the State prosecution as to preempt the jurisdiction of this court. Based upon the facts as presented, *261 this court answers the preceding question in the affirmative. Therefore, the prosecution of this misdemeanor complaint is stayed pending a decision by the impartial administrator. This proceeding may be restored to the calendar upon application of the People or the defendant after such determination.